-PS-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

BRIAN HAWKS,

                         Plaintiff,                              **HON. HUGH B. SCOTT**

              -v-                                                05CV156A

                                                                 ORDER

COMMISSIONER ROCCO J. DIINA, et al.,

                         Defendants.

_____

        Plaintiff has applied to the Court for appointment of counsel pursuant to 28 U.S.C.

§ 1915(e) (Docket No. 13).  There is no constitutional right to appointed counsel in civil

cases.  However, under 28 U.S.C. § 1915(e), the Court may appoint counsel to assist

indigent litigants.  See, e.g., Sears, Roebuck & Co. v. Charles W. Sears Real Estate, Inc.,

865 F.2d 22, 23 (2d Cir. 1988).  Assignment of counsel in this matter is clearly within the

judge's discretion.  In re Martin-Trigona, 737 F.2d 1254 (2d Cir. 1984).  The factors to be

considered in deciding whether or not to assign counsel include the following:

        1.  Whether the indigent's claims seem likely to be of substance;

        2.  Whether the indigent is able to investigate the crucial facts concerning his claim;

        3.  Whether conflicting evidence implicating the need for cross-examination will be
        the major proof presented to the fact finder;

        4.  Whether the legal issues involved are complex; and

        5.  Whether there are any special reasons why appointment of counsel would be
        more likely to lead to a just determination.

Hendricks v. Coughlin, 114 F.3d 390, 392 (2d Cir. 1997); see also Hodge v. Police Officers, 802 F.2d 58 (2d Cir. 1986).

The Court must consider the issue of appointment carefully, of course, because "every assignment of a volunteer lawyer to an undeserving client deprives society of a volunteer lawyer available for a deserving cause." Cooper v. A. Sargenti Co., 877 F.2d 170, 172 (2d Cir. 1989). Therefore, the Court must first look to the "likelihood of merit" of the underlying dispute, Hendricks, supra, 114 F.3d at 392; Cooper, supra, 877 F.2d at 174, and "even though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and his chances of prevailing are therefore poor." Carmona v. United States Bureau of Prisons, 243 F.3d 629, 632 (2d Cir. 2001) (denying counsel on appeal where petitioner's appeal was not frivolous but nevertheless appeared to have little merit).

The Court has reviewed the facts presented herein in light of the factors required by law. Plaintiff alleges that he was the victim of excessive force and racial harassment during his arrest, and that after he was shot during his arrest he was left without emergency assistance for one hour. Based on this review and the fact that plaintiff thus far appears to be sufficiently capable to present his claims to the Court[1], plaintiff's motion for appointment of counsel is denied without prejudice at this time. It is the plaintiff's responsibility to retain an attorney or press forward with this lawsuit pro se. 28 U.S.C.

---

[1]Plaintiff claims that he is being assisted by an able "jail house lawyer" and that he is about to be transferred by the New York State Department of Correctional Services and that, upon his transfer, he will be denied the assistance of this jail house lawyer. Whether or not plaintiff can obtain assistance from the librarians or clerks at the facility to which he is transferred simply cannot be addressed or speculated about at this time. Since his transfer, plaintiff has not complained that he lacks access to facilities within the prison to assist him in pursuing this case.

§ 1654.  Nevertheless, in order to assist plaintiff in pursuing this case <u>pro se</u>, the Clerk of the Court is directed to send plaintiff the Court's booklet entitled Pro Se Litigation Guidelines.[2]

      SO ORDERED.

                                         /s/ Hugh B. Scott
                                              Hon. Hugh B. Scott
                               United States Magistrate Judge

Dated:       Buffalo, New York
             February 8, 2006

---

[2]Plaintiff should review the entire Guidelines, and then he should focus his attention on pages 14-19 regarding discovery, since his lawsuit is in the discovery stage at this time.