UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN HAWKS,

                    Plaintiff,


                                                              **Hon. Hugh B. Scott**

                    v.                                        05CV156A

                                                              **Order**

COMMISSIONER ROCCO J. DIINA, et al.,

                    Defendants.


        Before the Court[1] is non-party Erie County District Attorney Frank J. Clark's (the

"District Attorney") motion to quash or modify plaintiff's subpoena (Docket No. 31) served upon

him.  The Court issued a briefing schedule for this motion, with responses (including from

defendants) due by September 6, 2006, and any reply due by September 13, 2006, and the motion

then was deemed submitted without oral argument on September 13 (Docket No. 32).  Plaintiff,

an inmate proceeding pro se and in forma pauperis (see Docket No. 3), filed a belated response

(Docket No. 33, dated Sept. 8, 2006, filed Sept. 15, 2006).

                                    **BACKGROUND**

        Plaintiff sued defendants (the then City of Buffalo Police Commissioner and various

named police officers) for using excessive force (in violation of his Fourth, Eighth, and

Fourteenth Amendment rights) during his arrest on August 5, 2003, when he was shot twice

during that arrest (see Docket No. 1, Compl.).  Defendants answered (Docket No. 4), the Court

_____

        [1]Also pending is defendants' joint motion for summary judgment, Docket No. 34, with a
separate briefing schedule entered, Docket No. 41.

issued a Scheduling Order (Docket No. 11; <u>see also</u> Docket Nos. 28, 29 (extending dispositive

motions to September 15, 2006)), and the parties exchanged discovery demands (<u>see, e.g.,</u>

Docket Nos. 5-7).

Meanwhile, plaintiff moved to compel production from non-parties, the Erie County

District Attorney and Emily Trott, Esq., plaintiff's former criminal defense counsel (Docket

No. 19, <u>filed</u> Apr. 20, 2006).  Plaintiff sought eighteen categories of documents from both the

District Attorney and his former defense counsel.  He requested copies of the felony complaint;

indictment and  grand jury certification; arrest report; Crim. Proc. L. § 190.50(5)(a) notice of

grand jury presentment; property inventory; volunteer disclosure; grand jury statements; all

statements obtained by the police or the District Attorney; plaintiff's medical records or reports

sustained by him or the alleged victim; radio runs, CB transmissions and 911 tapes or transcripts;

defense counsel's discovery motion; order on that discovery motion; witness lists; <u>Brady</u>,

<u>Rosario</u> and <u>Consolonzio</u> data provided to defense counsel; written requests to charge; offer of

identification notice and/or statements under N.Y. Crim. Proc. L. § 710.30(1) (<u>id.</u> Pl. Aff. Ex. A;

<u>see</u> Docket No. 33, Pl. Aff. ¶ 4).

Plaintiff had not served a subpoena pursuant to Fed. R. Civ. P. 45; rather, he served upon

these non-parties notices to produce documents under Rule 34.   The Court rejected plaintiff's

motion to compel production under these notices because he used Federal Rule of Civil

Procedure 34 to notice production from non-parties; that rule applies to production by a party in

an action and not for non-parties.  <u>See</u> Fed. R. Civ. P. 34(c) ("a person not a party to the action

may be compelled to produce documents and things or to submit to an inspection as provided in

Rule 45"); <u>Hickman v. Taylor</u>, 329 U.S. 495 (1947).  Absent the subpoena, this Court lacked

jurisdiction over non-parties the District Attorney and Ms. Trott to compel their production, thus, plaintiff's motion was denied (Docket No. 20, Order of Apr. 21, 2006).

Plaintiff then served subpoenas upon these non-parties through the U.S. Marshal (<u>see</u> docket entry, May 10, 2006).  Pertinent to the present motion, plaintiff served the Erie County District Attorney (<u>see</u> Docket No. 31, Aff. of Ass't Dist. Atty. Raymond Herman ¶ 7).  The District Attorney was subpoenaed to produce a number of documents (<u>id.</u>).  The subpoena was returned executed on August 8, 2006 (Docket No. 30).  Plaintiff argues in his response that the District Attorney was not burdened in using these documents to try plaintiff, therefore it should not be a burden to produce them again (Docket No. 33, Pl. Aff. ¶ 8).  Plaintiff also argues that he should not be charged the costs for reproducing these publicly generated documents, documents he could obtain without charge for his criminal appeal (<u>id.</u> ¶¶ 6, 7).  Plaintiff, however, does not state how these documents would apply to this federal civil rights action.

## DISCUSSION

The District Attorney complains that the subpoena was unduly burdensome under Rule 45(c) (<u>id.</u> ¶ 9).  Curiously, he did not include a copy of the subpoena in his papers (<u>cf.</u> Docket No. 19, Pl. Aff. Ex. A (earlier Rule 34 document demand upon District Attorney)).  The District Attorney argues that plaintiff has not shown the relevance of the documents sought from him (Docket No. 31, Herman Aff. ¶ 9).  He contends, alternatively, that most of the documents sought from the District Attorney were produced to plaintiff earlier in his state prosecution and that the Grand Jury testimony sought cannot be produced under New York State law (<u>id.</u> ¶ 10, citing N.Y. Crim. Proc. L. § 190.25(4)(a)).  As a further alternative, the District Attorney asks the Court to modify the subpoena and condition it upon plaintiff paying $.25 per page to reproduce

3

the documents sought (id. ¶ 11), but not indicating either an approximate amount of the charge or the total number of pages that would be duplicated.

I.       Quashing Subpoena

"The reach of a subpoena issued pursuant to Fed. R. Civ. P. 45 is subject to the general relevancy standard applicable to discovery under Fed. R. Civ. P. 26(b)(1)."  Syposs v. United States, 181 F.R.D. 224, 226 (W.D.N.Y. 1998) (Foschio, Mag. J.).  Under Rule 26(b)(1), parties may obtain discovery "that is relevant to the claim or defense of any party" and that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."  Where the subpoena seeks information not relevant to the case, the subpoena is improper and should be quashed.  Langford v. Chrysler Motors Corp., 513 F.2d 1121 (2d Cir. 1975).  The quashing party bears a heavy burden of proof, Mangla v. University of Rochester, 168 F.R.D. 137, 140 (W.D.N.Y. 1996) (Feldman, Mag. J.).

While the District Attorney cites the standard for determining whether a subpoena is unduly burdensome under Rules 45 and 26 (see Docket No. 31, Herman Aff. ¶ 9), he does not argue how this request is burdensome or meets the standard cited.  He gives the considerations for the Court to apply (id.), whether the burden outweighs the likely benefit in discovery, whether plaintiff's discovery is unreasonable, cumulative or duplicative, or plaintiff had ample opportunity to obtain the information.  The District Attorney only argues that plaintiff has not shown the relevance of his requested materials to this action and the fact that he obtained this material already during the course of his state criminal action (id. ¶ 10).  Plaintiff denies that there is any burden upon the District Attorney in producing these items and declines to pay the costs to reproduce them (Docket No. 33, Pl. Aff. ¶¶ 6-8).

4

As for relevance, some of the documents sought involve arrest reports and property inventory (see Docket No. 19, Pl. Aff. Ex. A).  At issue in this case is the alleged excessive use of force during plaintiff's arrest; thus, arrest reports and property inventory would be material in this case.  Plaintiff also seeks grand jury testimony and related items.  Assuming that these materials are not privileged, they also would be relevant, or lead to admissible evidence, see Fed. R. Civ. P. 26(b)(1), about the events in this case.  Plaintiff requested his medical records and reports of any injuries he sustained from this arrest; again, these documents (regarding his medical records and injuries) are relevant to the issue of damages (if any) in this case; but the medical records and injuries for his victim is not relevant to this action.  Plaintiff also sought radio or 911 transcripts; again, these are potential sources for information relevant to this case.

Some of plaintiff's requests seek matters germane only to the criminal prosecution (such as requests to charge, his omnibus motion and the state court's ruling on it, and witness lists) and do not seem relevant to this action or leading to admissible evidence in this action.  This federal civil rights action is not the vehicle to retry plaintiff's criminal conviction, appeal it, or to seek habeas corpus relief from the conviction.  Therefore, plaintiff's subpoena is **modified** to not require the District Attorney to produce these irrelevant items.

Plaintiff has not stated whether he obtained these materials by other means (such as through state defense counsel or retained them following the state trial), but given that plaintiff initially noticed the discovery from his defense counsel (later writing to her requesting this production, see letter of plaintiff to Emily Trott, June 21, 2006, with copy to chambers) and his present incarceration may limit the amount of documents or other materials he may possess, it is likely that he does not have all of the materials he now seeks.

II.     Discovery Fees and <u>In Forma Pauperis</u> Parties

Plaintiff was granted leave to proceed <u>in forma pauperis</u> in this action pursuant to

28 U.S.C. §§ 1915 and 1915A.  That means that plaintiff need not pay initial filing fees to this

Court.  The issue here is whether plaintiff is still responsible for paying an apparent discovery

cost, the District Attorney's document furnishing fee of $.25 per page.  Assuming plaintiff's

subpoena sought the same documents as he earlier tried to obtain through a Rule 34 document

demand (<u>see</u> Docket No. 19, Pl. Aff. Ex. A), plaintiff seeks eighteen different categories of

documents from his state criminal prosecution, essentially the entire file on that prosecution.  As

decided above, plaintiff is entitled only to a subset of the documents from the categories that are

relevant to this action.

Plaintiff contends that the documents were available during his criminal trial and,

therefore, should be free if reproduced for this civil action (Docket No. 33, Pl. Aff. ¶¶ 6-7).

Plaintiff's argument here, however, points to alternative sources for the documents sought (from

former defense counsel, <u>see id.</u> ¶ 6), which plaintiff has sought production from as well.

Section 1915 does not provide authority for prepayment of discovery costs.  <u>See</u> <u>Toliver</u>

<u>v. Community Action Comm'n to Help the Economy</u>, 613 F. Supp. 1070, 1072 (S.D.N.Y. 1985),

<u>aff'd</u>, 800 F.2d 1128 (2d Cir.), <u>cert. denied</u>, 479 U.S. 863 (1986); <u>see also</u> <u>Haymes v. Smith</u>,

73 F.R.D. 572, 574 (W.D.N.Y. 1976) (Curtin, J.) (court may not authorize commitment of

federal funds to underwrite expenditures of indigent civil litigant).  Here, the District Attorney's

production fee would constitute a discovery costs ordinarily borne by the party seeking the

documents.

Thus, for the items now deemed by the Court to be relevant to this action and, absent any argument of undue burdensomeness, non-party Erie County District Attorney Frank Clark shall produce documents relevant to this action and plaintiff shall be charged the production cost of $.25 per page as charged by the District Attorney.

## CONCLUSION

For the reasons stated above, non-party witness Erie County District Attorney Frank J. Clark's motion to quash a subpoena served upon him (Docket No. 31), is **denied in part, granted in part, in modifying the subpoena to not require production of irrelevant items**. The District Attorney is entitled to receive his costs (of $.25 per page) to duplicate the relevant documents sought here.

So Ordered.

_/s/ Hugh B. Scott_
_____
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
        September 27, 2006