UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

BRIAN HAWKS,

                Plaintiff,

                v.                **Hon. Hugh B. Scott**

                                    05CV156A

COMMISSIONER ROCCO DIINA, et al.,

                                    **Order**

                Defendants.

Currently pending before the Court is defendants' motion for summary judgment (Docket No. 34). Plaintiff, an inmate proceeding pro se, has written to Chambers again requesting the Court's assistance in obtaining materials sought from third-parties by subpoenas he had served, as well as seeking an extension of the briefing schedule (see Docket No. 46, letter of October 26, 2006, received Nov. 6, 2006, and filed Nov. 8, 2006). The Court separately dealt with the scheduling request (see Docket No. 47). Plaintiff in particular requests relief surrounding the District Attorney's failure to produce grand jury testimony and plaintiff's subpoena upon his former criminal defense counsel.

**BACKGROUND**

Plaintiff sued defendants (the then City of Buffalo Police Commissioner and various named police officers) for using excessive force (in violation of his Fourth, Eighth, and Fourteenth Amendment rights) during his arrest on August 5, 2003, when he was shot twice during that arrest (see Docket No. 1, Compl.). Defendants answered (Docket No. 4) and eventually moved for summary judgment (Docket No. 34). Meanwhile, plaintiff sought documents from his prior criminal proceeding from his former defense attorney and from the

District Attorney (see Docket Nos. 19, 30, 20 (Order denying motion to compel third-party witnesses)). The District Attorney moved to quash (Docket No. 31) the subpoena served upon him (Docket No. 30). This Court granted in part and denied in part the District Attorney's motion to quash (Docket No. 43), requiring the District Attorney to produce non-privileged or items deemed relevant to this action sought by plaintiff (id. Order at 5).

Plaintiff also served a subpoena upon Emily Trott, his former defense counsel in the state criminal matter. Trott did not move to quash the subpoena. From plaintiff's latest letter, he enclosed a copy that subpoena and of Trott's response to him, dated September 22, 2006, offering to turn over the material (much of which previously was provided to plaintiff during and after his criminal trial) to plaintiff's appellate defense counsel (Docket No. 46). Trott also notes that, as a poor person on his state criminal appeal, he or his appellate counsel could obtain these documents at now cost (id.).

Plaintiff's present letter seeks grand jury testimony from the District Attorney. The District Attorney replied, in an attached letter dated October 23, 2006, that he would not produce privileged grant jury testimony, see N.Y. Crim. Proc. L. § 190.25(4)(a); N.Y. Pen. L. § 215.70 (class E felony for unlawful release of grand jury materials).

## DISCUSSION

I.    Grand Jury Testimony

This Court's Order denying in part the District Attorney's motion to quash stated that, assuming the grand jury testimony plaintiff sought was not privileged, he was entitled to have it produced (Docket No. 43, Order at 5). The District Attorney cites two provisions of New York law that make grand jury testimony privileged. Criminal Procedure Law § 190.25(4)(a) makes

grand jury proceedings secret, only subject to disclosure pursuant to a court order.  Plaintiff needs to first seek a court order from the state court that supervised the grand jury, here the New York Supreme Court, Erie County, due to concerns of comity and retention of state control over the secrecy of grand jury proceedings, Ruther v. Boyle, 879 F. Supp. 247, 250 (E.D.N.Y. 1995); People v. Quigley, 59 A.D.2d 825, 826, 399 N.Y.S.2d 734, 735 (4th Dep't 1977) (disclosure under § 190.25 requires order of the court in charge of the grand jury).  Barring such an application to the pertinent state court, plaintiff is not entitled to production of grand jury transcripts.  Therefore, this request is **denied**.

II.     Former Defense Counsel's Production

Plaintiff complains that his former defense counsel Trott had not provided the documents he now seeks in his subpoena and responds to the subpoena by asking for the name and address of his appellate counsel (Docket No. 46).  Plaintiff can respond to Trott's question by providing his own address for the material, since Trott assumes this material is being used for his apparently pending criminal appeal.  If Trott fails to supply the sought items after that, then plaintiff should make a formal motion to enforce the subpoena (rather than letters to Chambers).  Further, plaintiff may have access to these materials through the process of perfecting his state criminal appeal.  (Note, this federal civil rights action is not the proceeding for plaintiff to perfect his appellate record to challenge his state conviction.)  Therefore, plaintiff's present application is **deemed moot**.

**CONCLUSION**

For the reasons stated above, plaintiff's application for non-party witness Erie County District Attorney Frank J. Clark to release grand jury testimony (Docket No. 46) is **denied**. Plaintiff's application for his former defense counsel to produce is also **deemed moot**.

So Ordered.

*/s/ Hugh B. Scott*
Honorable Hugh B. Scott
United States Magistrate Judge

Dated: Buffalo, New York
       November 9, 2006